UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMETRIUS BRADY

          Plaintiff,

v.

DAVID STONE and
JOHN JOHNSON,

          Defendants.

_____/

CIVIL ACTION NO. 08-13463

DISTRICT JUDGE NANCY G. EDMUNDS

MAGISTRATE JUDGE DONALD A. SCHEER

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION**:

I recommend that Plaintiff's Motion to Dismiss Without Prejudice Pursuant to Fed.R.Civ.P. 41(a)(2) be denied.

**II.**    **REPORT**:

    **A.**    **Procedural History**

Plaintiff's Complaint was filed in this court on August 11, 2008. His claims are based upon the events surrounding his arrest, on April 7, 2007, by Defendants David Stone and John Johnson, who were acting in their official capacities as Police Officers for the City of Pontiac, Michigan. Count I of the Complaint asserted a claim under 42 U.S.C. §1983 that Defendants violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution in that they applied unnecessary, extreme and excessive force against him in the course of his arrest. Counts II and III of the Complaint charge gross negligence and intentional infliction of emotional harm in violation of the common law of the State of Michigan.

On September 18, 2008, the district judge declined to exercise supplemental jurisdiction over Plaintiff's state law claims, and dismissed those counts in a written Order. Defendants filed their Answer and Affirmative Defenses on October 7, 2008. Plaintiff filed a Response to the Affirmative Defenses on October 16, 2008.

On November 21, 2008, the parties filed a Joint Discovery Plan pursuant to Fed.R.Civ.P. 26(f). A scheduling conference was held before the district judge on November 24, 2008, and a Scheduling Order issued. Pursuant to an Order of Reference, the magistrate judge scheduled a settlement conference for August 26, 2009.

On March 11, 2009, the parties submitted a Stipulated Order extending the discovery and dispositive motion cut-off dates. Thereafter, on March 31, 2009, Plaintiff's attorney of record filed a Motion to Withdraw his Appearance. A Response to the Motion was filed on April 2, 2009. In a written Order of April 28, 2009, the district judge granted the Motion to Withdraw, and directed Plaintiff to obtain new counsel within thirty (30) days. That deadline was extended, at Plaintiff's request, to June 30, 2009, and again to July 31, 2009 by the district judge.

Defendants filed a Motion on July 29, 2009 to extend the Scheduling Order dates. On July 31, 2009, the case was referred to the magistrate judge for all pretrial proceedings. On August 6, 2009, the magistrate judge entered a written Order extending the discovery and dispositive motion dates to October 31, 2009 and December 31, 2009, respectively. Plaintiff was given until August 31, 2009 to obtain new counsel and, if an attorney appearance was not filed within thirty (30) days of the Order, Plaintiff was ordered to file a document with the court providing his current address and telephone number, and providing notice that he intended to proceed without counsel. The Settlement Conference

2

was postponed until further notice.  Plaintiff filed a Motion for Reconsideration of that Order on August 11, 2009.  The Motion was denied by the district judge in a written Order on September 10, 2009.

Plaintiff did not comply with the August 6, 2009 Order.  On October 19, 2009, however, an attorney did file an Appearance on his behalf.  On October 30, 2009, prior to the discovery cut-off date, Plaintiff's new counsel filed a Motion to extend the discovery and motion deadlines.  On November 3, 2009, Plaintiff filed a Motion to Dismiss his sole remaining (federal) claim in this action, without prejudice, so that he could re-file that claim in state court, along with the state law claims which were dismissed in this case.  Defendants filed their Brief in Opposition on November 13, 2009.  Defendants also filed a Response to Plaintiff's Motion to Extend the Scheduling Order, on November 18, 2009.  The pending Motions were set for hearing on December 1, 2009.

### B.   Applicable Law and Standard of Review

Fed.R.Civ.P. 41 provides, in pertinent part, as follows:

(a) Voluntary Dismissal.

(1) **By the Plaintiff.**

(A) *Without a Court Order.*  Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

(ii) a stipulation of dismissal signed by all parties who have appeared.

(B) *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

(2) **By Court Order; Effect.** Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the courterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

## C.   Analysis

As Defendants have filed an Answer, Plaintiff is no longer entitled to voluntary dismissal of his Complaint without leave of court as provided in Fed.R.Civ.P. 41(a)(2).

Plaintiff seeks leave of court to dismiss his Complaint without prejudice because he wishes to re-file his §1983 count in state court, along with the state law claims which this court has previously declined to adjudicate. He submits that the court's disinclination to exercise supplemental jurisdiction on his state claims was a "very subtle suggestion to Plaintiff to litigate this entire matter in state court." (Plaintiff's Motion, Paragraph 4). Further, Plaintiff argues that the litigation of his state and federal claims in separate actions will impose undue financial burdens and excessive and redundant litigation expenses on all parties, and would waste judicial resources at both the state and federal levels. He adds that the City of Pontiac should have been named as a party in this action, and implies that he will assert a claim against that entity in his proposed state court suit. Finally, Plaintiff

4

maintains that Defendant will not be prejudiced by dismissal without prejudice, and the initiation of a new state court case, because the parties have not undertaken substantial discovery in this action to this point.

In opposing Plaintiff's Motion, Defendants correctly observe that the grant of dismissal without prejudice under the authority of Fed.R.Civ.P. 41(a)(2) is within the sound discretion of the district court. Grover by Grover v. Ely Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994). The court in Grover explained that the "primary purpose of the rule in interposing the requirement of court approval is to protect the non-movant from unfair treatment. Id. Defendants maintain that they would suffer prejudice if the court should dismiss Plaintiff's Complaint without prejudice and permit him to re-file the identical cause of action in state court.

Plaintiff's §1983 claim is premised upon the Fourth and Fourteenth Amendments to the Federal Constitution. 28 U.S.C. §1331 expressly grants original jurisdiction of all actions arising under the Constitution to the Federal District Courts. Defendants take issue with Plaintiff's view that the court's declination of jurisdiction over the state law claims was a suggestion that the entire action should be litigated in state court. They correctly observe that courts faced with litigation alleging both federal constitutional and state law claims arising out of the same occurrence "very frequently decline to exercise supplemental jurisdiction over claims arising out of purely state law . . .." That proposition is unquestionably correct. It is axiomatic that federal courts are the preeminent adjudicators of issues arising under the federal Constitution and laws, while state tribunals are best suited to the determination of issues governed by state constitutional, statutory or common law principles. Recognition of that obvious fact is a primary basis upon which district courts

5

are vested with discretion to decline supplemental jurisdiction over state law claims.  Mine Workers of America v. Gibbs, 383 U.S. 715 (1966) (needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law).  The court's exercise of its discretion in this case to leave the adjudication of Plaintiff's state law claims to a Michigan court is in no way a suggestion that a state court is best suited to determine federal constitutional claims.

Defendants note that Plaintiff has stated his intention "to litigate this entire matter in state court."  They correctly observe that Plaintiff is already free to re-file his state claims in a Michigan court.  They further observe, however, that, should Plaintiff be permitted to dismiss without prejudice, only to re-file his Fourth and Fourteenth Amendment claims in state court, Defendants would have the right to remove such claims once again to this court.

> Any civil action of which the district courts have original jurisdiction founded on a claim of right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

28 U.S.C. §1441(b) (emphasis added).  Defendants argue, quite correctly, that any similar state court claim against the City of Pontiac under 42 U.S.C. §1983 would also be removable as of right to federal court.  Simply put, this court has original jurisdiction over "federal question" claims, and is the best forum for determination of issues governed by federal law.  Having been presented by Plaintiff with the claim in Count I of the Complaint, this court has a duty to exercise its original jurisdiction.

There are exceptions to the obligation of a court to exercise its original jurisdiction. Those exceptions are embodied in the doctrine, or doctrines, of abstention.

> Abstention is variously recognized: (1) Pullman - type abstention, to avoid decision of a federal constitutional question where the case may be disposed of on questions of state law; (2) Bufford - type abstention, to avoid needless conflict with the administration by a state of its own affairs; (3) to leave to the states the resolution of unsettled questions of state law; and (4) to avoid duplicative litigation, now frequently referred to as Colorado River - type abstention.

Charles Allen Wright, <u>Law of Federal Courts</u>, (5th Ed.), West Publishing Co. 1994.  Plaintiff here has not raised or argued any abstention doctrine applicable to this case.  While he has argued that dismissal of his pending federal claim in this court would avoid duplicative litigation, the Supreme Court has determined that only "exceptional" circumstances would permit such a dismissal, in view of "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.  <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800, 818 (1976).

In my view, Plaintiff has offered no substantial justification for this court to abstain from the fulfillment of its duty to adjudicate the federal question presented in Count I of the Complaint.  Accordingly, I recommend that Plaintiff's Motion to Dismiss Without Prejudice Pursuant to Fed.R.Civ.P. 41(a)(2) be denied.

## III.   <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  <u>United States</u>

v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: December 7, 2009

---

## CERTIFICATE OF SERVICE

I hereby certify on December 7, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 7, 2009: **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217

8